IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE** § | | |
| **COMPANY** § | | **PLAINTIFF** |
| § | | |
| **v.** § | | **Civil Action No. 1:06cv976-HSO-JMR** |
| § | | |
| **WILLIAM AND JANE LAMB** § | | **DEFENDANTS** |

**ORDER AND REASONS GRANTING PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion for Summary Judgment [10] pursuant to FED. R. CIV. P. 56, filed on July 5, 2007, on behalf of Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual"), in the above captioned cause. Defendants William and Jane Lamb filed a Response [15] and Plaintiff filed a Rebuttal [17].

After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion must be granted.

I. FACTS AND PROCEDURAL HISTORY

At all relevant times, Defendants' residence was insured under a homeowners' policy issued by Liberty Mutual in the amount of $303,800.00. *See* Pl.'s Mot. at p. 1; Br. in Supp. of Defs.' Resp. at p. 2. This policy contained a coverage exclusion for damage resulting from flood. *See* Liberty Mutual Homeowners' Policy at Section I, p. 7-8, attached as Ex. "C" to Pl.'s Mot. Defendants' residence was also insured by a separate flood policy issued by State Farm Insurance ("State Farm"), in the amount of $110,200.00. *See* Pl.'s Mot. at p.

1; Br. in Supp. of Defs.' Resp. at p. 2.

On or about August 29, 2005, Hurricane Katrina struck the Mississippi Gulf Coast and caused approximately nine (9) feet of water to enter Defendants' residence.  *See* Pl.'s Mot. at p. 3; *see also* Statement Under Oath of William Duncan Lamb at p. 23, attached as Ex. "D" to Pl.'s Mot.  State Farm paid Defendants the entire structural policy limits of $110,200.00 under the flood policy.  *See* Pl.'s Compl. ¶¶ 8; Defs.' Answer ¶¶ 8.  Defendants did not undertake to repair any of the flood-related damage to their residence.  *See* Pl.'s Mot. at p. 3-4; *see also* Statement Under Oath of William Duncan Lamb at p. 47, attached as Ex. "D" to Pl.'s Mot.; Statement Under Oath of Jane Lamb at p. 31, attached as Ex. "E" to Pl.'s Mot.

Approximately two weeks later, on or about September 13, 2005, Defendants' residence was damaged by fire.  *See* Defs.' Answer, "First Defense."  The cause of the fire remains unknown, and is irrelevant to the Court's determination of Plaintiff's Motion.  For the limited purpose of its Motion, Plaintiff does not dispute that Defendants' home was a total loss after the fire.  *See* Br. in Supp. of Pl.'s Mot. at p. 2.

Defendants made a claim against Plaintiff for the full amount of their homeowners' policy limit.  *See* Pl.'s Mot. at p. 2; Defs.' Counterclaim ¶¶ 2, 3.  Plaintiff paid Defendants $193,600.00, which was calculated by subtracting the amount Defendants had already collected under their State Farm flood policy ($110,200.00) from the limits of their Liberty Mutual homeowners' policy

($303,800.00).  *See* Br. in Supp. of Pl.'s Mot. at p. 5.  All of the foregoing facts are essentially undisputed.

Plaintiff filed this lawsuit on or about September 22, 2006, seeking a Declaratory Judgment that Defendants are not entitled to recover their entire homeowners' policy limits under the facts of this case, or in the alternative, that Plaintiff is entitled an offset or credit for the $110,200.00 flood insurance proceeds previously accepted by Defendants.  Defendants filed a Counterclaim on or about February 8, 2007, seeking a Declaratory Judgment that Liberty Mutual's insurance contract and Mississippi's valued policy law ("VPL"), codified at section 83-13-5 of the Mississippi Code, require Plaintiff to pay the full value of the homeowners' policy, without any offsets or credits and regardless of any diminution in value to Defendants' residence caused by Hurricane Katrina or any other event.

Plaintiff's present Motion requests that the Court find the Mississippi VPL inapplicable to this case, or alternatively, that it be accorded an offset or credit for the $110,200.00 received by Defendants under their State Farm flood policy.  Plaintiff also asks the Court to dismiss Defendants' Counterclaim.

## II. DISCUSSION

A.    Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is

entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp.2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp.2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings

or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp.2d at 543.

B.  Application of Mississippi's Valued Policy Law ("VPL")

Section 83-13-5 of the Mississippi Code states in part that,

> [w]hen buildings and structures are insured against loss by fire and, situated within this state, are *totally destroyed by fire*, the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated, and the measure of damages shall be the amount for which the buildings and structures were insured.

MISS. CODE ANN. § 83-13-5 (emphasis added).

Where a federal district court is called upon to interpret a state statute, it sits as a state court on a state matter and must apply state law under the dictates of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938). *See Illinois Cent. R. Co. v. Fordice*, 30 F. Supp.2d 945, 958 (S.D. Miss. 1997). *Erie* requires a federal court to apply state substantive law in cases, such as this one, where jurisdiction is founded upon diversity of citizenship. *See Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

Plaintiff asserts that Mississippi's VPL is inapplicable in this case since Defendants' residence was not "totally destroyed by fire" as required by the statute. Plaintiff instead contends that the total loss of the house was caused partially by flood and partially by fire. Because no case specifically addresses whether Mississippi's VPL is applicable where total loss to a building or structure results from fire in combination with a non-covered peril, the Court turns to Mississippi's

rules on statutory construction for guidance.

Statutory interpretation is a question of law. *See United States v. Ex-USS Cabot/Dedalo*, 297 F.3d 378, 382 (5th Cir. 2002). "Mississippi law on statutory construction is well settled." *Fordice*, 30 F. Supp.2d at 958(*citing Mississippi Power Co. v. Jones*, 369 So. 2d 1381, 1388 (Miss. 1979)).

> The primary rule of construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but where it is ambiguous the court, in determining the legislative intent may look not only to the language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished.

*Classic Coach, Inc. v. Johnson*, 823 So.2d 517, 526 (Miss. 2002)(*citing Clark v. State ex rel. Miss. State Med. Ass'n*, 381 So.2d 1046, 1048 (Miss. 1980)).

"Popular words in statutes must be accepted in their popular sense and we must attempt to glean from the statutes the legislative intent." *Fordice*, 30 F. Supp.2d at 958(*quoting Chandler v. City of Jackson Civil Service Comm.*, 687 So. 2d 142, 144 (Miss. 1997)). The Mississippi Supreme Court has strictly construed the VPL, and in so doing it has stated that "[o]ur duty is discharged when we enforce the law as it is written. Amendments or repeals are for the legislative department." *Hartford Fire Ins. Co. v. Shlenker*, 32 So. 155, 158 (Miss. 1902). Here, the Court is of the opinion that the wording of the statute is clear and unambiguous and that the legislature intended that, in order for the VPL to apply, total destruction of a building or structure must have occurred *by fire*, and not as a consequence of a combination of covered and non-covered perils, one of which was fire. Had the

legislature intended the latter, it could have easily amended the statute to provide for such a result.

A review of the VPL's historical background and objectives supports this interpretation. The VPL forbids an insurance company to dispute that the property was not worth the amount agreed upon, *i.e.*, the policy limits, at the time of a total loss. *See Foremost Insurance Co. v. Lowery*, 617 F. Supp. 521, 524 (S.D. Miss. 1985).

> The salutary purposes of Mississippi's valued policy statute are to prohibit the writing by insurance companies of excessive fire insurance coverage on property, to require that losses are calculated on the same basis that premiums are received, and to promote reasonable diligence on the part of insurers who issue fire insurance on property in this state.

*Id.*

In *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007), the Fifth Circuit refused to apply a VPL in the event of damage resulting from non-covered perils, since application of the statute under such circumstances would run counter to the purposes and objectives behind VPLs. Because such laws were created in an effort to link insurance recoveries to premiums paid, applying VPLs to perils excluded under the terms of insurance policies would result in a scenario "well outside the boundaries of any party's reasonable expectation of the operation of an insurance contract." *Chauvin*, 495 F.3d at 240. To hold otherwise would

> ...force the insurer to pay for damage resulting from a non-covered peril for which it did not charge a premium. Also, because the focus of the VPL is on valuation (to set the amount payable when there is a total loss), not on coverage, the statute signals no intent to expand coverage to excluded perils.

*Id.* at 239-40.

Though the facts and language of the VPL at issue in *Chauvin* differ from those in the instant case, the Court is of the opinion that the Fifth Circuit's reasoning in *Chauvin* is instructive.[1] The Court finds that to require Plaintiff to pay for flood damage, an excluded peril, which occurred some two weeks prior to the fire and had not been repaired at the time of the fire, would be contrary to the clear language of, and legislative objectives underlying, Mississippi's VPL.

Earlier Mississippi case law offers guidance as to the meaning behind "total loss" and "partial loss" under the statute. In interpreting the partial loss provision in Mississippi's prior version of the VPL, the Mississippi Supreme Court in *Hartford* stated that "[i]f the loss be less than such named limit,–the amount of the policy, the basis on which the premiums are received,–the company escapes with paying less than its possible liability." *Hartford*, 32 So. at 157. Though Mississippi's current VPL does not include a provision on partial loss, the prior statute and its interpretation are instructive.

---

[1] In *Chauvin*, the court interpreted Louisiana's VPL. There, the Court was called upon to determine whether homeowners could recover for total losses to their residences resulting from damages sustained in Hurricane Katrina from wind, a covered peril, and flood, a non-covered peril. *See Chauvin*, 495 F.3d at 237. The facts of the *Chauvin* case are different from the present one in that the damage from the covered and non-covered perils occurred nearly simultaneously, and the homeowners maintained that their homes sustained some damage from wind, a covered peril, but that the total loss resulted from flood waters, a non-covered peril. Here, Defendants admit that their residence was damaged by flood, a non-covered peril, but contend that what remained of the unrepaired structure was later totally destroyed by fire, a covered peril.

In accordance with the purposes of the statute, Plaintiff agrees that Defendants' residence was worth $303,800.00, the value of the policy at issue. There is no serious dispute that the house was damaged by flood, that Defendants were paid $110,200.00 from their State Farm flood policy, and that Defendants did not undertake any repairs to the residence from the time of the flood until the time of the fire. Defendants' acceptance of flood insurance proceeds essentially constitutes an admission that the structure suffered $110,200.00 in flood damage. There is no dispute that none of this damage had been repaired at the time the fire destroyed what remained of the house. Based on the foregoing, Plaintiff asserts, and the Court agrees, that the amount of damage to the residence caused by the fire had to be less than the total of the agreed upon value of the house due to the prior unrepaired and undisputed damage caused by flood. Damage amounting to less than the value of the policy limits, while not altering the agreed upon value of the property as reflected in the policy, is more analogous to a partial loss, as opposed to being "totally destroyed by fire" under Mississippi's VPL.

Based upon Mississippi's rules of statutory construction, the Court is of the opinion that Mississippi's VPL is inapplicable here. Further, based upon the undisputed facts of this case, as a matter of law Defendants' residence cannot be said to have been "totally destroyed by fire" within the meaning of Mississippi's VPL.

### III. CONCLUSION

Viewing the evidence in the light most favorable to the nonmoving party, the

Court finds that there are no disputes of material fact and that Plaintiff is entitled to judgment as a matter of law. For the reasons stated more fully herein, Plaintiff's Motion must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [10] of Plaintiff Liberty Mutual Insurance Company for Summary Judgment, filed on July 5, 2007, pursuant to FED. R. CIV. P. 56, should be and is hereby **GRANTED**, and judgment shall be rendered forthwith in favor of Plaintiff. Defendants' Counterclaim must therefore be dismissed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all remaining pending Motions are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 29th day of February, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE